## HUGH McCALL *v.* SIMON WITKOUSKI.

When a party endorses a note after its maturity he is bound only on the same condition of demand of payment and notice of non-payment as any other endorser.

APPEAL from the District Court of the Parish of Carroll, *Farrar, J.* *Sparrow & Montgomery*, for plaintiff and appellant. *Short & Parham*, for defendant.

DUFFEL, J. This suit is instituted against the defendant, as guarantor, on the following note : " $486 00, Ashton, December 17th 1858. Three months after date, I promise to pay to the order of myself, four hundred and eighty-six dollars, value received, (signed) *N. G. Goffe* (endorsed) *N. G. Goffe*—Pay to *Simon Witkouski* (signed) *G. Witkouski* (endorsed) *Simon Witkouski*."

The whole evidence offered on the trial of the case is, "Admitted that the note was transferred after maturity. The signatures and endorsements admitted, to the note."

The District Judge rejected the demand.

The defendant is not a guarantor, but a special endorsee. Story on Promissory Notes, sect. 133.

The defendant cannot, under the allegations of the petition and the evidence, be held responsible as endorser. " Although a note remains negotiable after it has been dishonored, still in one sense the indorsement and transfer of a note over-due is a renewal of the instrument, which is then declared by law payable within a reasonable time, upon demand ; and the endorser is bound only upon the same condition of demand upon the drawer and notice of non-payment, as any other indorsement." Edwards on Bills and Promissory Notes p. 261.

The defendant, ·if viewed as a transferrer of a debt, only warranted the existence of the debt at the time of the transfer. C. C. 2616 and 2617. *Rippey* v. *Dromgoole* 8 M. 709. *Martin* v. *McMaster* 14 L. R. 420.

Judgment affirmed.